## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**FREDDY CUEVAS SUSUICO,**<br><br>Defendant. | CRIMINAL CASE NO. **CF0492-22**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Freddy Cuevas Susuico's ("Defendant") Motion to Dismiss, filed November 7, 2024. Defendant is represented by Heather Martinez Quitugua. The People of Guam ("the Government") are represented by Assistant Attorney General Grant Olan. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On August 4, 2022, Defendant was indicted with the following charges: (1) Theft of a Motor Vehicle (As a Second Degree Felony) – 13 Counts; (2) Theft of Property (As a Second Degree Felony) – 8 Counts; (3) Theft by Receiving (As a Second Degree Felony); (4) Burglary (As a Second Degree Felony) – 2 Counts; (5) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (6) Assault Against a Peace Officer (As a Third Degree Felony); and (7) Criminal Mischief (As a Misdemeanor) – 2 Counts. (Indictment, Aug. 4, 2022). Over two years later, on October 29, 2024, a grand jury returned a Superseding Indictment against

Defendant, charging him with (1) Theft by Receiving (as a Second Degree Felony) – 13 Counts; (2) Theft by Receiving (As a Second Degree Felony) – 8 Counts; (3) Burglary (As a Second Degree Felony) – 2 Counts; (4) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (5) Assault Against a Peace Officer (As a Third Degree Felony); and (6) Criminal Mischief (As a Misdemeanor) – 2 Counts. (Superseding Indictment, Oct. 29, 2024).

On November 7, 2024, Defendant filed the instant Motion. On January 10, 2025, the Government filed its Opposition. On February 17, 2025, Defendant filed his Reply. The Court subsequently placed the matter under advisement without further argument. *See* CR 1.1 Form 3, Feb. 17, 2025.

## DISCUSSION

Defendant moves to dismiss Charge One – Counts One, Two, and Four and Charge Two – Counts One, Two, Three, Four, and Five of the Superseding Indictment because the charges were filed after the statute of limitations. *See generally*, Mot. Dismiss, Nov. 7, 2024. The Government opposes, arguing that "[b]ecause theft constitutes a single offense no matter how it is charged under Title 9 Chapter 43 . . . the superseding indictment does not broaden or substantially amend the charges in the original indictment." (Opp'n at 2, Jan. 10, 2025).

Under Guam law, prosecution of a felony offense other than murder and criminal sexual conduct must commence within three (3) years of the offense committed. 8 G.C.A. § 10.20. "Generally speaking, the return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment." *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990) (internal citations omitted). "A superseding indictment returned while the first indictment is pending is timely unless it broadens or substantially amends the charges in the original indictment. To determine whether the superseding indictment impermissibly changed the charges in the original indictment it is necessary to examine the two indictments carefully." *United States v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 778-79 (citations omitted).

The original Indictment charged Defendant with Theft of a Motor Vehicle (As a Second Degree Felony) in Charge One – Counts One, Two, and Four, and charged Defendant with Theft of Property (As a Second Degree Felony) in Charge Two – Counts One, Two, Three, Four, and

Five. (Indictment, Aug. 4, 2022). The Superseding Indictment changed Charge One – Counts One, Two, and Four and Charge Two – Counts One, Two, Three, Four, and Five to Theft by Receiving (As a Second Degree Felony). (Superseding Indictment, Oct. 29, 2024). These charges are all alleged to have occurred between February 5, 2020 and September 25, 2021. *Id.* Thus, the issue before the Court is whether or not the Superseding Indictment broadened or substantially amended the original indictment by changing the charge from Theft of a Motor Vehicle (As a Second Degree Felony) and Theft of Property (As a Second Degree Felony) to Theft by Receiving (As a Second Degree Felony).

"To determine whether a superseding indictment substantially broadens or amends a pending timely indictment, it is appropriate to consider whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence." *United States v. Liu*, 731 F.3d 982, 996–97 (9th Cir. 2013) (quoting *United States v. Yielding*, 657 F.3d 688, 704 (8th Cir. 2011) (internal quotation marks omitted). "The central concern in determining whether the counts in a superseding indictment should be tolled based on similar counts included in the earlier indictment is notice." *Id.* at 997. *See also United States v. Smith*, 197 F.3d 225, 229 (6th Cir. 1999) (citing *Grady*, 544 F.2d at 601) ("Notice to the defendants of the charges, so that they can adequately prepare their defense, is the touchstone in determining whether a superseding indictment has broadened the original indictment.").

Pursuant to 9 G.C.A. § 43.30, Theft of Property, "[a] person is guilty of theft if he unlawfully takes or obtains or exercises unlawful control over, movable property of another with intent to deprive him thereof." 9 G.C.A. § 43.30(a). Pursuant to 9 G.C.A. § 43.50, Theft by Receiving Stolen Property, "[a] person is guilty of theft if he intentionally receives, retains or disposes of movable property of another knowing that it has been stolen or believing that it has probably been stolen. It is a defense to a charge of violating this Section that the defendant received, retained or disposed of the property with intent to restore it to the owner." 9 G.C.A. § 40.50(a). Defendant argues that the changes in the Superseding Indictment from Theft of Property to Theft by Receiving "are not mere technical changes but change the nature of the case

altogether" and the "defenses to the crimes are different as well." (Mot. Dismiss at 4). Defendant sets forth that "[w]hereas [he] could have argued he was not the one who stole the materials in defense of the Indictment, that defense is no longer available to him because the elements of the crimes have changed. In addition, the evidence as to Mr. Susuico's intent has totally changed. Whereas before the government was required to prove Mr. Susuico actively obtained goods, now the elements address whether Mr. Susuico received goods knowing or thinking the goods were probably stolen." *Id.* Defendant also notes that these changes to the Indictment were not made within months after the original Indictment was returned, but over two years later. *Id.* at 5.

"Guam's theft statute, set forth in Title 9 GCA § 43.30, and theft by receiving statute, set forth in Title 9 GCA § 43.50, are based on Model Penal Code sections 223.2 and 223.6 respectively." *People v. Palisoc*, 2002 Guam 9 ¶ 40. The Supreme Court of Guam, after reviewing commentary to the Model Penal Code sections, found that "theft and theft by receiving are intended to reach distinct wrongdoers." *Id.* at ¶ 41. The Supreme Court observed that "[s]everal states follow the same logic in interpreting their respective theft statutes, finding that in enacting a receiving statute, the legislature:

> Intended to reach a distinct group of wrongdoers. The class includes those persons who receive, retain, or dispose of property received from another person with the knowledge or reasonable belief that the property has been stolen. The legislative intent was not to expand the offense of theft, but to create a separate crime.

*Id.* at ¶ 41. The Supreme Court made clear in *Palisoc,* that theft and theft by receiving are not the same crime. *Id.* ("We agree with this line of cases and find that a defendant cannot be convicted of both theft and theft by receiving because one who is a thief cannot be also be a receiver."). Accordingly, as theft and theft by receiving are not the same crime and the defenses available to Defendant have changed, the Court finds that the Superseding Indictment broadened the original indictment by adding new charges beyond the statute of limitations period. Therefore, the Court finds Charge One of Theft by Receiving (As a Second Degree Felony) – Counts One, Two, and Four and Charge Two of Theft by Receiving (As a Second Degree Felony) – Counts One, Two, Three, Four, and Five of the Superseding Indictment must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss.

**IT IS SO ORDERED** this 23rd day of April, 2025.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e mailed to

AG, H. Quitugua

Date 4/23/25 Time. 9:58 am

Albert Culdu a

Deputy clerk , Superior Court of Guam

*People v. Susuico*
Case No. CF0492-22
Decision and Order